## BAKER v. BAKER.

No. 6933. Decided December 17, 1946. (175 P. 2d 213.)

See 12 Am. Jur. 450.

*Royal J. Douglas,* of Ogden, for appellant.

Attorney withdrew in case for respondent before case was argued and submitted to court—therefore, no counsel for respondent.

PER CURIAM.

Appeal of a decree of divorce and the denial of a petition to set aside the Findings of Fact, Conclusions of Law and Decree.

Mrs. Baker sued her husband for divorce. He denied the allegations of her complaint and counterclaimed for divorce himself. Two children (aged 2½ and 14 months at time of trial) are involved. Mr. Baker alleged that he is not the father of the younger child.

The case was set for trial July 12, 1945. At the request of Mrs. Baker the matter was continued to August 15, 1945. August 15, 1945, was V-J Day and no court was held. The case was reset for September 25, 1945.

On that day Mrs. Baker appeared by her former attorney but not personally. Her attorney moved for a continuance. The defendant through his attorney resisted the motion on the grounds that the case had been at issue since April and had been twice set for trial before. The court was informed of two letters written by Mrs. Baker to her attorney. One of the letters was relayed through Mr. Baker and he knew

the contents thereof. It was postmarked Tooele, Utah, September 21, 1945, and reads as follows:

"Mr. Baker and myself have managed to reach a satisfactory decision and would like the whole case dropped. Thank you very much for your interest and help. If you feel your services are more than I have already paid, please mail me a bill. Box 342, Tooele, Utah.

"Sincerely,

"Beth Baker."

The other letter was postmarked September 21, 1945, at Los Angeles and said that she and Mr. Baker had made an agreement and he had failed to carry it out and she had gone to California in order to locate a witness, that the witness would not be back until October 18th and she requested a continuance for at least thirty days.

With this information before him the trial judge denied the request for a continuance and ordered the case to go to trial.

After hearing the testimony of Mr. Baker, the only witness, the court among other things found Mr. Baker was the father of both children, and that both parties were fit to have custody of the children. It gave Mr. Baker the interlocutory decree of divorce and the custody of both children.

On or about January 8, 1946, some three and a half months after the trial of the case, Mrs. Baker, through her present attorney, filed a "Petition to Set Aside Findings of Fact, Conclusions of Law, and Decree of Divorce." The petition is a motion for relief under Section 104-14-4, U. C. A. 1943, the pertinent parts of which read as follows:

"Discretion in Court to Allow, and Generally to Grant Relief in Furtherance of Justice.

"The court may * * *, in its discretion, after notice to the adverse party, * * * upon such terms as may be just, relieve a party or his legal representative from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect; * * *."

Hearing was had on the petition on March 8, 1946. Mrs. Baker and her attorney were present. Mr. Baker's attorney

was present but Mr. Baker was reportedly unable to attend because he was ill.

The gist of the testimony given by Mrs. Baker was: Mr. Baker and she some time before September 25, 1945 (the date of the trial of the case), had agreed to be reconciled and to dismiss the divorce action and counterclaim. Mr. Baker bought her bus ticket and drove her to the bus depot on or about September 5, 1945. She left the state with the understanding that the actions would be continued until her return and then dismissed. She went to California to attempt to recover her health and at the suggestion and urging of Mr. Baker. She first learned the case had not been continued or dismissed on September 26, 1945 (the day after the interlocutory decree was given), when Mr. Baker called her long distance on the telephone. Mr. Baker told her of the decree and in response to her asking him why he had gone through with it considering that he had promised he would not he replied

"I had you over a barrel; you were in Los Angeles, and I did as I pleased."

On October 19, 1945, Mr. Baker went to Los Angeles, made overtures to her to return to him. He drove her in his car back to Tooele from Los Angeles. They did not resume the relation of husband and wife and she does not now wish to resume said relationship.

She testified that subsequent to the interlocutory decree of divorce she saw her former attorney three or four times to get the decree set aside but he told her nothing could be done because Mr. Baker had taken the children to Los Angeles. (The record is not clear as to the date the children were taken to Los Angeles but it is apparent they were taken there subsequent to the divorce decree.)

Mrs. Baker's father testified that he and his wife arrived at the court room on September 25, 1945, shortly after the divorce had been granted. Upon hearing the result of the case they left forthwith for Los Angeles to consult with their

daughter about it. After returning to Ogden he went to see Mrs. Baker's former attorney to see about setting the decree aside. He also saw the attorney again two days after the first visit for the same purpose. Each time he says he was told that nothing could be done.

The testimony of Mrs. Baker and her father was not controverted at the hearing on the motion. However, Mr. Baker's testimony at the divorce trial gives his theory of the alleged reconciliation agreement. He there said the agreement was that if Mrs. Baker wanted to go to California to live with Bill Williams she was free to go and that she said she was willing to give him, Mr. Baker, the children and any property that was left. He testified that he bought her a bus ticket, and gave her some money and she left for California. He said that after she got to California she wrote him a letter asking him not to go through with the divorce and that they be reconciled. She enclosed a letter to her attorney (the letter quoted earlier in this opinion), asking him to mail it. Mr. Baker testified he answered her letter air mail, special delivery, telling her that if she wants her family she could come back but she would have to be there by September 23rd.

Mrs. Baker admitted receiving letters from her husband while she was in California but denied that any letter set a date for her return. She testified that Mr. Baker told her when she left for California she was to stay there until she was physically able to take care of her children. Mrs. Baker denied ever having anything to do with Bill Williams in California or elsewhere.

Whether or not relief should be granted under Sec. 104-14-4, U. C. A. 1943, is within the sound discretion of the trial court and its decision in the matter will not be reversed unless it is an abuse of discretion.

It is our opinion that the evidence presented to the trial judge by Mrs. Baker at the hearing on the motion was such as to indicate that in all probability Mr. Baker did not make full disclosure of the facts incident to Mrs. Baker's trip to California and her resulting absence from the trial and that

as a result of that lack of full disclosure Mrs. Baker was probably deprived of her day in court.

This is a divorce case. Very serious accusations and counter-accusations are made in the pleadings. Two minor children are involved. The case was decided in the absence of the plaintiff. These facts together with ■ the probable lack of full disclosure by Mr. Baker of the circumstances of Mrs. Baker's absence lead to the conclusion that the lower court abused its discretion in denying Mrs. Baker's petition to set aside the Decree and in not granting a new trial.

As guidance to the lower court on the retrial of this case we refer to its action in awarding the custody of the two children, ages approximately two and a half years and fourteen months at the time of the divorce trial, to the father. This was done even though the father in ■ his answer to Mrs. Baker's complaint alleged that he is not the father of the younger child and even though the court found as facts that both Mr. and Mrs. Baker are "fit and proper" persons to have "the complete care, custody and control" of the children. We invite the attention of the lower court to Section 40-3-10, U. C. A. 1943, which reads as follows:

"Custody of Children in Case of Separation.
"In any case of separation of husband and wife having minor children, the mother shall be entitled to the care, control and custody of all such children; provided, that if any of such children have attained the age of ten years and are of sound mind, they shall have the privilege of selecting the parent to which they will attach themselves; provided further, that if it shall be made to appear to a court of competent jurisdiction that the mother is an immoral, incompetent or otherwise improper person, then the court may award the custody of the children to the father or make such other order as may be just."

Reversed and remanded for a new trial. Costs to Appellant.